IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HANIFE JOHNSON,

                      Plaintiff,

   v.

ROBERT HURLEY, DISTRICT ATTORNEY,
and TONY EVERS,

                      Defendants.

OPINION AND ORDER

24-cv-792-wmc

---

      Plaintiff Hanife Johnson, who is unrepresented and incarcerated at the Dane County Jail, filed this proposed civil action under 42 U.S.C. § 1983, alleging that the Governor of the State of Wisconsin, the District Attorney for Dane County, Wisconsin, and his criminal defense attorney violated his constitutional rights in connection with the execution of a criminal plea agreement.[1]  (Dkt. #1.)  About a month after filing his complaint, plaintiff filed three additional submissions:  (1) a motion to reconsider the court's order requiring him to make payments toward his filing fee (dkt. #11); (2) a proposed amended complaint that seeks to add an entirely different claim against his probation agent, Miles Blake, and three other people not identified in his complaint for actions taken during what appears to be the revocation of plaintiff's extended supervision (dkt. #12); and (3) a motion asking about the status of his case (dkt. #13).  Because plaintiff is incarcerated and proceeding without

---

[1] Plaintiff's complaint does not provide any details about his conviction, but public court records available online show that plaintiff pled guilty to two counts of child enticement as a party to a crime on June 8, 2015, for which he was sentenced to 10 years probation.  *See State v. Johnson*, Dane County Case No. 2014CF1868 (accessed online at https://wcca.wicourts.gov/).  However, plaintiff's probation was revoked on May 19, 2017, and he was sentenced to four years incarceration in state prison, followed by six years extended supervision.  *Id*.  Dane County Sheriff's records (accessed online at https://www.danesheriff.com/Residents/) show that plaintiff is currently being held on a probation violation.

prepayment of the full filing fee, the court must screen his complaint and any amendments and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. §§ 1915 and 1915A.  When screening an unrepresented litigant's complaint, the court construes the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  With that standard in mind, the court concludes that plaintiff's original complaint and proposed amendments must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  While the court will clarify plaintiff's indigent status and the payment of the filing fee below, his motions for reconsideration and a status hearing will be denied.

ANALYSIS

Plaintiff, who has a learning disability, has filed a complaint under 42 U.S.C. § 1983, seeking to vacate his sentence to probation and obtain money damages based on allegations that defendant Robert Hurley provided him with ineffective assistance of counsel in advising him to plead guilty, and defendants Governor Evers and the Dane County District Attorney allowed this to happen, in violation of his rights under the Sixth Amendment and the due process clause of the Fourteenth Amendment.  (Dkt. #1.)  He also seeks to add four new defendants and assert claims based on his probation agent's initiation of revocation or other criminal proceedings in violation of his constitutional rights.  (Dkt. #12.)  However, plaintiff cannot challenge his conviction, revocation proceedings, or bring a claim for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or

sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck*, 512 U.S. at 486-87; *see also Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying *Heck* to fact, duration, and rules or conditions of probation and parole). Because plaintiff has not alleged, and state court records do not reveal, that he successfully obtained post-conviction relief by challenging the constitutionality of his criminal proceedings and resulting conviction and sentence, *Heck* precludes him from pursuing a § 1983 claim based on the circumstances surrounding those proceedings.

While the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he could amend his complaint to state a claim for relief in federal court. The only federal proceeding available to obtain that form of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (state prisoners who want to challenge their convictions or sentences must seek habeas corpus because they contest the fact or duration of custody). However, this court cannot convert this action into one for habeas corpus on its own motion, and instead must dismiss this case without prejudice. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). If plaintiff successfully challenges his conviction through a habeas petition in the future, he may be able to pursue relief under § 1983. However, plaintiff should be aware that he would be unlikely to prevail because government officials such as district attorneys, criminal defense attorneys, and probation officers cannot be sued in a civil suit for damages challenging their conduct "intimately associated with the judicial phase of the

3

criminal process." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018); *see also Archer v. Chisholm,* 870 F.3d 603, 612 (7th Cir. 2017) (absolute immunity for prosecutors initiating criminal proceedings and presenting state's case); *Smith v. Gomez*, 550 F.3d 613, 617-19 (7th Cir. 2008) (parole and probation agents entitled to absolute judicial immunity for "quasi-judicial" functions they perform as part of revocation proceedings); *Walton v. Neslund*, 248 F. App'x 733, 733-34 (7th Cir. 2007) (internal citations omitted) (Attorney is not a state actor for purposes of § 1983 while performing "traditional function of counsel to a defendant in a criminal case.").

Finally, plaintiff asks the court to reconsider its November 6, 2024 order (dkt. #9), finding him indigent and requiring him to pay an initial partial payment of $6.67 toward his filing fee before continuing with his case. Although not entirely clear, it appears that plaintiff objects to the monthly deduction of funds from his account. However, even an indigent prisoner who brings a civil action *in forma pauperis* ("IFP") still must pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The IFP statute further provides that the court shall assess and, when funds exist, collect, an initial partial filing fee equal to 20% of the greater of: (1) the average monthly deposits to the prisoner's account; or (2) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. As plaintiff acknowledges and court records confirm, an initial partial filing fee of $6.67 was collected in this case in November 2024. Moreover, § 1915(b)(2) provides that after paying the initial partial payment, the prisoner must *continue* to make monthly payments of 20% of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds $10, until the filing fees are paid in full. This means that the

court cannot relieve plaintiff from the continuing payments of his filing fee, even after his case has been dismissed. Accordingly, plaintiff's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. Plaintiff Hanife Johnson's motion to reconsider the court's order requiring him to make payments toward his filing fee (dkt. #11) is DENIED.

3. Plaintiff's motion for a status hearing (dkt. #13) is DENIED as moot.

4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 22nd day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge